SETTLEMENT AGREEMENT
AND SPECIFIC RELEASE OF ALL FLSA CLAIMS

**PREMIER CARE NURSES OF AMERICA, INC.**, including all of their officers, directors, representatives, shareholders, owners, agents, attorneys, employees, parent companies, subsidiaries, related companies, affiliates, successors and assigns, **MIRJANA GOFORTH**, including all her heirs, representatives, attorneys, successors, and assigns (hereafter collectively referred to as "Defendants") and **LOIES BABARA DALY**, including her heirs, representatives, attorneys, successors (hereafter collectively referred to as "Plaintiff"), for good and valuable consideration, and in order to resolve and settle finally, fully and completely all matters or disputes that now exist or may exist between them, agree as follows:

1. **Specific Release of all FLSA Claims.** In consideration for the promises contained in this Settlement Agreement and Specific Release of all FLSA Claims (hereafter referred to as "Agreement"), Plaintiff unconditionally releases and discharges Defendants ( referred to as the "Released Party") from any and all claims, demands, liabilities, and causes of action of any kind or nature, whether known or unknown, asserted or unasserted, or suspected or unsuspected, which Plaintiff now owns or holds, or has owned or held against the Released Party, all Fair Labor Standards Act ("FLSA") and state law minimum wage arising out of or related to claims which were, or could have been, and also as asserted in the lawsuit *Daly v. Premier Care Nurses Of America, Inc. et al*, Case No. 15-cv-81664-Rosenberg/Brannon, pending before the U.S. District Court for the Southern District of Florida (hereinafter referred to as the "Litigation"), including without limitation all claims for alleged unpaid overtime wages, minimum wages, retaliation, liquidated damages, attorneys' fees and costs.

2. **Settlement Amount and Attorney's Fees.** In consideration of the promises of Plaintiff as set forth herein, the Released Parties agree to settle this matter for a total of $51,210.50 delivered to Koz Law, P.A., 320 S.E. 9th Street, Fort Lauderdale, FL 33316 according to the following payment schedule and distribution:

| Payment | Total Amount | Deposit and Disbursement Date | Check Payable to "Loies Daly" | Check Payable to "Koz Law, P.A." |
|---|---|---|---|---|
| 1 | $ 10,242.10 | October 13, 2016 | $6,000.00 | $4,242.10 |
| 2 | $ 10,242.10 | November 10, 2016 | $6,000.00 | $4,242.10 |
| 3 | $ 10,242.10 | December 10, 2016 | $6,000.00 | $4,242.10 |
| 4 | $ 10,242.10 | January 9, 2017 | $6,000.00 | $4,242.10 |
| 5 | $ 10,242.10 | February 8, 2017 | $6,000.00 | $4,242.10 |

Out of the settlement proceeds, Plaintiff **LOIES BABARA DALY** is receiving $30,000.00 for alleged unpaid overtime wages, retaliation, and liquidated damages, and Plaintiff's Counsel is receiving $21,210.50 as Attorney's fees and costs. Plaintiff's counsel shall hold all funds in trust pending approval of the settlement by the Court and dismissal of the Litigation with prejudice.

3. Plaintiff agrees not to assist any future claimants, if any, against Defendants in any manner, including but not limited to, inciting claims against Defendants, testifying in support of any such claims, speaking with any future claimants' attorneys regarding any such claims, or

**EXHIBIT A**

giving any written or verbal declarations regarding any such claims, unless compelled by a court of competent jurisdiction to do so.

4. **Indemnification.** Plaintiff acknowledges and agrees that it shall be solely and exclusively Plaintiff's obligation and responsibility to report to the appropriate governmental agencies and other authorities all monies received as wages and/or other compensation under this Agreement and to report and pay all related taxes or impositions. Plaintiff shall indemnify and hold harmless Defendants, their directors, officers, attorneys, parent companies, related companies, subsidiaries and affiliates from and against any and all claims, damages, losses, liabilities or obligations asserted, or imposed and/or threatened against Defendants by any person or entity relating, directly or indirectly, to the monies received by Plaintiff hereunder, including, without limitation, Plaintiff, the IRS, or any other person.

5. **Non-Admission Clause.** By entering into this Agreement, Defendants do not admit any liability whatsoever to Plaintiff or to any other person arising out of any claims asserted, or that could have been asserted in any claim under the FLSA, including claims of retaliation, and any state law minimum wage claims, and expressly deny any and all such liability.

6. **Non Disparaging Remarks.** All Parties agree that they will not disparage each other, by written or oral word, gesture, or any other means, nor will they make any disparaging or negative comments about each other, to any person or entity. In the event that a prospective employer requests an employment reference for Plaintiff, Defendants will only provide dates of employment, and/or positions held, and/or rates of pay.

7. **Future Employment.** Plaintiff agrees not to reapply for employment with Defendants in the future in any capacity whatsoever, and agrees that if she does apply, she will not be hired. Plaintiff agrees that Defendants' refusal to hire her (or his termination in the event she is inadvertently hired) is in accordance with this Agreement and not retaliatory or otherwise a violation of any law, regulation or ordinance.

8. **Jurisdiction.** The Parties agree that jurisdiction over this matter shall be in the United States District Court for the Southern District of Florida which is presiding over the Litigation. The Agreement is governed by the substantive law of the State of Florida.

9. **Dismissal of Lawsuit With Prejudice.** Within five business (5) days of signing this Agreement by Defendants and Plaintiff and, delivery to Plaintiff's Counsel of a fully executed copy of this Agreement and the first payments pursuant to section 2 above, Plaintiff's Counsel agrees to effectuate dismissal of the lawsuit with prejudice. The Parties agree that the Court shall reserve jurisdiction to enforce the terms of the Agreement.

10. **Severability.** In the event that one or more terms or provisions of this Agreement are found to be invalid or unenforceable for any reason or to any extent, each remaining term and provision shall continue to be valid and effective and shall be enforceable to the fullest extent permitted by law.

11. **Entire Agreement.** This Agreement constitutes the complete understanding of the parties hereto and supersedes any and all prior agreements, promises, representations, or

**EXHIBIT A**

inducements, whether oral or written, concerning its subject matter. No promises or agreements made subsequent to the execution of this Agreement by these parties shall be binding unless reduced to writing and signed by an authorized representative of each party.

     12.    **Enforcement**. In the event any action is commenced to enforce this Agreement, the prevailing party shall be entitled to reasonable fees and costs. If Defendants' fail to make payments pursuant to section 2 above, Plaintiff's counsel shall give notice of default via e-mail to Defendants' counsel at danz@danzlaw.net and stephane@danzlaw.net. If Defendants' fail to cure default within five business days of notice of default, Plaintiff shall be entitled to a default judgment against all Defendants, jointly and severally, in the amount of $100,000.00 plus attorneys' fees and costs incurred in enforcement including post-judgment attorneys' fees and costs for collections.

     13.    **Voluntariness. Parties Represented by Counsel.** Plaintiff certifies that Plaintiff has fully read, negotiated, and completely understands the provisions of this Agreement, that Plaintiff has been advised by Defendants to consult with an attorney before signing this Agreement, and that Plaintiff is signing freely and voluntarily, and without duress, coercion, or undue influence. This Agreement is not to be construed against any party. All Parties were represented by counsel and participated in the drafting of this Agreement.

     14.    **Counterparts**: This Agreement may be executed in multiple counterparts, each of which shall constitute an original, and all of which shall constitute one single agreement. Faxed transmissions and/or copies of the signature block shall be deemed enforceable.

| LOIES BABARA DALY | PREMIER CARE NURSES OF AMERICA, INC. |
|---|---|
| By: _[signature]_<br>LOIES BABARA DALY<br><br>Date: 11-08-16 | By: _[signature]_<br>Title: _[illegible]_<br>Date: _[illegible]_<br><br>By: _[signature]_<br>MIRJANA GOFORTH, INDIVIDUALLY<br>Date: 11/8/2016 |

**EXHIBIT A**